ANGELA H. DOWS, ESQ.
**PREMIER LEGAL GROUP**
Nevada State Bar No. 010339
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Telephone: (702) 794-4411
Facsimile:  (702) 794-4421
E-Mail:  adows@premierlegalgroup.com
Attorney for Defendant James Edward Dixon

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>JAMES EDWARD DIXON,<br><br>　　　　　　　Defendant. | 2:12-cr-00222-GMN-VCF<br><br>CA No. 14-10318<br><br>**JAMES EDWARD DIXON'S TO CONTINUE SELF-SURRENDER DATE PENDING APPEAL**<br>(Expedited Treatment Requested) |

　　　Comes now the defendant, James Edward Dixon, by and through his counsel of record, Angela H. Dows, Esq., and hereby moves this court for continued release pending the resolution of his appeal.  This motion is brought pursuant to Federal Rule of Criminal Procedure 46(c) and 18 U.S.C. § 3143.  For the reasons outlined in the attached Memorandum of Points and Authorities, Mr. Dixon meets the requirements outlined in § 3143, and release pending the outcome of his appeal is appropriate in this case.

　　　Dated this 19th day of November, 2014.

　　　　　　　　　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　/s/ Angela H. Dows
　　　　　　　　　　　　　　　　　　ANGELA H. DOWS, ESQ.
　　　　　　　　　　　　　　　　　　1333 North Buffalo Drive, Suite 210
　　　　　　　　　　　　　　　　　　Las Vegas, Nevada 89128
　　　　　　　　　　　　　　　　　　Attorney for Defendant JAMES EDWARD DIXON

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 19, 2012, the United States Attorney for the District of Nevada filed an indictment against Mr. Dixon for a single count of Felon in Possession of a Firearm pursuant to 18 U.S.C. Sections 922(g)(1) and 924(a)(2) (*see* Trial Court Docket Sheet Clerk's Record (CR) 1). On March 4, 2013, Mr. Dixon pleaded guilty to the single count Indictment, and signed a written plea agreement thereto. (CR 32, 33).

The recommendation thereafter was that based upon Mr. Dixon's history, he qualified as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e)(2) and U.S.S.G. § 4B1.2. On June 26, 2014, after briefing and hearings related to the Armed Career Criminal Act, the Court sentenced Mr. Dixon to one hundred eighty (180) months in prison and five years of supervised release. This Court also ordered two (2) years of supervised release following Mr. Dixon's term of imprisonment. (CR 88, 91). The Court also stated the following, in part, as to Mr. Dixon's self-surrender and related appeal/post-conviction processes:

> So [the officer's] recommendation is that you be allowed to self-surrender. And I do agree. So I will allow you to self-surrender. And we'll set a self-surrender date.
>
> Additionally, there are certain circumstances when there are issues for appeal, if the Court finds and deems that they are ones that are important enough and questionable enough for the Court to stay the sentence, I can do that, pending the appeal. And so I am going to also do that as well.
>
> ***So your surrender date will be stayed until after your appellate process is complete.***
>
> The first appellate process is to appeal anything that happened at the sentencing hearing. And that will be something the Ninth Circuit will decide. And then if you lose there, you can appeal to the Supreme Court. And they decide whether or not to hear the case.

2

>If you lose there as well, or if they don't hear your case, then you have a right to file what's called an ineffective assistance of counsel claim, which is a post-conviction habeas claim, a federal habeas claim under Section 2255.
>
>And, again, the Court will have the ability to determine whether or not to appoint counsel to represent you. It's not a right. But there is the option that the Court can do that. So the Court does have the discretion.
>
>And then it's the same process. That would come to me, and then it would go to the Ninth Circuit and so forth.
>
>So I'm going to go ahead and stay – and, Mike do—and I guess I should ask Ms. Craig, too, do you need me to actually state the self-surrender date and then continue it, maybe set like a status check for six months and then continue it? I can't imagine the Ninth Circuit would decide it in six months, seeing as he's out of custody, but –
>
>MS. CRAIG: Yeah, Your Honor, I think we need to set a self-surrender date. And then if they wish to seek to continue it, they can.
>
>THE COURT: All right. So let's go ahead and set the self-surrender date for six months out. And then – I guess we won't set a hearing date. We'll set you out for a self-surrender date six months from now. Mike will give you that date.
>
>***And then as that date gets closer, if it turns out that you haven't heard back yet from the Ninth Circuit, which honestly I really don't think that you will, because it takes time to prepare these appeals before they even have a chance to read them, then we'll go ahead and extend it. But we might have a better idea in six months how much we need to extend it.***

*See* selected portion of Transcript of June 26, 2014 Sentencing Hearing, *specifically see* pages 43-45, <u>attached</u> <u>hereto</u> <u>as</u> Exhibit A (emphasis added).

On June 27, 2014, Mr. Dixon filed his Notice of Appeal. (CR 89). Mr. Dixon's Opening Brief and Excerpts of Record are currently due on or before November 24, 2014, with the Appellee's Brief due on or before December 24, 2014.

Mr. Dixon's current surrender date is set for December 23, 2014. The purpose of the instant Motion is to request an extension of the surrender date until the outcome of the appeal or in any event a self-surrender date no earlier than six (6) months after the current self-surrender date of December 23, 2014 based upon the factors in 18 U.S.C. § 3143.

## II.

## ARGUMENT

**A.     Legal Standard**

Release Pending Appeal is governed by 18 U.S.C. § 3143(b) which allows for the release of an individual pending appeal whenever certain conditions are met.  Section 3143 allows for release pending appeal if:

(1) The defendant "is not likely to flee,"

(2) The defendant "is not likely to…pose a danger to the safety of any person or community if released,"

(3) The appeal is not taken for purposes of delay, and

(4) The appeal "raises a substantial question of law or fact likely to result in reversal [or] an order for a new trial."

*See* 18 U.S.C. § 3143(b)(A), (B); *accord* Fed. R. Crim. P. 46(c); *see also* Fed. R. App. P. 9(c); *see also United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985).

**B.     It has been Established that Mr. Dixon is Not Likely to Flee, and is Not a Danger to the Safety of Any Person or Community.**

Mr. Dixon can meet the burden of proving the first two factors with relative ease; he is not likely to flee, and does not pose a danger to the community.  In the almost two years leading up to and following Mr. Dixon's sentencing, Mr. Dixon has been on pre-trial supervision. During that time, Mr. Dixon has made every court appearance, and has been "completely compliant with conditions of supervision." (*See* PSR at paragraph 3).

Without belaboring the point, it is important to note that Mr. Dixon's last qualifying conviction was in 2001, eleven years prior to the instant possession offense.  In that time, Mr. Dixon obtained his certification to be an electrician, and started and ran a successful maintenance and repair business.  Mr. Dixon has also received recognition from United States Congressmen,

and Las Vegas City Councilman Gary Reese for his efforts in owning and operating a business that promoted safe and responsible behavior in preventing sexually transmitted diseases. Mr. Dixon is also a successful artist in selling works of art and poetry. The Presentence Report summarizes this quite well, noting that Mr. Dixon is a "man who is academically intelligent, artistically gifted, and a hardworking entrepreneur." (*See* PSR, at paragraph 86).

> **C.  The Instant Appeal is not for the Purpose of Delay, and Raises a Substantial Question of Either Law or Fact Likely to Result in a Reversal and Re-Sentencing.**

The third factor is subsumed by the fourth factor in that when an appeal raises a substantial question of law or fact, it necessarily follows that it is not being taken for the purposes of delay. *See* 3A Charles Ann Wright et al. FEDERAL PRACTICE AND PROCEDURE § 767 (1982) ("it is difficult to conceive of a non-frivolous appeal that could be…characterized" as taken for purposes of delay). The fourth factor necessarily involves a preview of the appeal issues. Without limiting the appeal to the issues described herein, it is important to note that Mr. Dixon's Armed Career Criminal enhancement was had based upon three, and only the minimum of three, predicate offenses. This means that if any one of the three predicate offenses does not qualify him as an Armed Career Criminal, then the enhancement does not apply that changed his sentence to a mandatory amount of fifteen years (180 months) from at least an original range of 135-168 months, or 57-71 months without the application of the enhancement.

Further, depending upon what Mr. Dixon's trial counsel advised him as to the Armed Career Criminal enhancement, Mr. Dixon does and/or may have a claim under a habeas petition related to trial counsel's advice in taking the plea offer given. *See, e.g. Lafler v. Cooper*, 132 S.Ct. 1376 (2012); *Missouri v. Frye*, 132 S.Ct. 1399 (2012). This argument is also not intended to limit in any way any other claims Mr. Dixon does and/or may have during direct appeal or post-conviction/collateral litigation.

Finally, this Court appears to agree with Mr. Dixon's request for release with conditions pending the outcome of his appeal, however does not wish to presume that he is correct and then fun afoul of any reporting and/or surrender requirements currently in place.

### III.

### CONCLUSION

For the foregoing reasons, the Court should order Mr. Dixon be continue to be released pending the outcome of his appeal on the same or substantially similar conditions as his current release pending surrender, or in any event a self-surrender date no earlier than six months from the current self-surrender date of December 23, 2014.

Respectfully submitted,

/s/ Angela H. Dows

_____
ANGELA H. DOWS, ESQ.
**PREMIER LEGAL GROUP**
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Telephone: (702) 794-4411
Facsimile:  (702) 794-4421
Attorney for Defendant James Dixon

Dated:  November 19, 2014.

**IT IS ORDERED** that James Edward Dixon's Motion to Continue Self-Surrender Date Pending Appeal (Expedited Treatment Requested (#103) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant James Edward Dixon shall self-surrender before 12:00 p.m. on **Monday, June 22, 2015**.

DATED this 21st day of November, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court