ANGELA H. DOWS, ESQ.
**PREMIER LEGAL GROUP**
Nevada State Bar No. 010339
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Telephone: (702) 794-4411
Facsimile:  (702) 794-4421
E-Mail:  adows@premierlegalgroup.com
Attorney for Defendant James Edward Dixon

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | ) | 2:12-cr-00222-GMN-VCF |
|---|---|---|
| Plaintiff, | ) ) | CA No. 14-10318 |
| v. | ) ) | **JAMES EDWARD DIXON'S** |
| JAMES EDWARD DIXON, | ) ) ) | **RENEWED MOTION TO CONTINUE SELF-SURRENDER DATE PENDING APPEAL** |
| Defendant. | ) ) | **AND ORDER THEREON** |

Comes now the defendant, James Edward Dixon, by and through his counsel of record, Angela H. Dows, Esq., and hereby moves this court for continued release pending the resolution of his appeal.  This second motion is brought pursuant to Federal Rule of Criminal Procedure 46(c) and 18 U.S.C. § 3143.  For the reasons outlined in the attached Memorandum of Points and Authorities, Mr. Dixon meets the requirements outlined in § 3143, and continued release pending the outcome of his appeal is appropriate in this case.

Dated this 25th day of May, 2015.

Respectfully submitted,
/s/ Angela H. Dows
ANGELA H. DOWS, ESQ.
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Attorney for Defendant JAMES EDWARD DIXON

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PROCEDURAL SUMMARY

On June 19, 2012, the United States Attorney for the District of Nevada filed an indictment against Mr. Dixon for a single count of Felon in Possession of a Firearm pursuant to 18 U.S.C. Sections 922(g)(1) and 924(a)(2) (CR 1).  On March 4, 2013, Mr. Dixon pleaded guilty to the single count Indictment, and signed a written plea agreement thereto.  (CR 32, 33).  On June 26, 2014, after briefing and hearings related to the Armed Career Criminal Act, the Court sentenced Mr. Dixon to one hundred eighty (180) months of custody. (CR 88, 91).  The Court also stated the following, in part, as to Mr. Dixon's self-surrender and related appeal/post-conviction processes:

> Additionally, there are certain circumstances when there are issues for appeal, if the Court finds and deems that they are ones that are important enough and questionable enough for the Court to stay the sentence, I can do that, pending the appeal.  And so I am going to also do that as well.
>
> So your surrender date will be stayed until after your appellate process is complete.
>
> …
>
> So I'm going to go ahead and stay – and, Mike do—and I guess I should ask Ms. Craig, too, do you need me to actually state the self-surrender date and then continue it, maybe set like a status check for six months and then continue it?  I can't imagine the Ninth Circuit would decide it in six months, seeing as he's out of custody, but –
>
> MS. CRAIG:  Yeah, Your Honor, I think we need to set a self-surrender date.  And then if they wish to seek to continue it, they can.
>
> THE COURT:  All right.  So let's go ahead and set the self-surrender date for six months out.  And then – I guess we won't set a hearing date.  We'll set you out for a self-surrender date six months from now.  Mike will give you that date.
>
> And then as that date gets closer, if it turns out that you haven't heard back yet from the Ninth Circuit, which honestly I really don't think that you will, because

2

> it takes time to prepare these appeals before they even have a chance to read them, then we'll go ahead and extend it. But we might have a better idea in six months how much we need to extend it.

*See* Exhibit A to original Motion.

On June 27, 2014, Mr. Dixon filed his Notice of Appeal. (CR 89). Initial briefing in the Ninth Circuit appeal is now complete - the Opening Brief was filed on November 24, 2014 by Mr. Dixon, the Answering Brief was filed on December 24, 2014 by the Government, and the Reply Brief was filed on January 7, 2015 by Mr. Dixon. No orders or screening report has been issued to date from the Ninth Circuit Court of Appeals.

Mr. Dixon's current surrender date is set for June 22, 2015, with his original request being for a six (6) month continuance of his self-surrender date. (CR 104). The purpose of the instant Motion is to request an extension of the surrender date until the outcome of the appeal or in any event a self-surrender date no earlier than four (4) months after the current self-surrender date of June 22, 2015 based upon the factors in 18 U.S.C. § 3143.

## II.

## ARGUMENT

### A.   Legal Standard

Release Pending Appeal is governed by 18 U.S.C. § 3143(b) which allows for the release of an individual pending appeal whenever certain conditions are met. Section 3143 allows for release pending appeal if:

(1) The defendant "is not likely to flee,"

(2) The defendant "is not likely to…pose a danger to the safety of any person or community if released,"

(3) The appeal is not taken for purposes of delay, and

(4) The appeal "raises a substantial question of law or fact likely to result in reversal [or]

3

an order for a new trial."

*See* 18 U.S.C. § 3143(b)(A), (B); *accord* Fed. R. Crim. P. 46(c); *see also* Fed. R. App. P. 9(c); *see also United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985).

> **B.** **It has been Established that Mr. Dixon is Not Likely to Flee, and is Not a Danger to the Safety of Any Person or Community.**

Mr. Dixon incorporates all of the arguments from his original motion to self-surrender pending the outcome of his appeal. Additionally, Mr. Dixon has complied with all conditions in the interim and following his June of 2014 sentencing; he has been continuing to work in his businesses, and update instant counsel on his progress. No violations have been reported or filed with the Court.

> **C.** **The Instant Appeal is not for the Purpose of Delay, and Raises a Substantial Question of Either Law or Fact Likely to Result in a Reversal and Re-Sentencing.**

Mr. Dixon incorporates his original motion to self-surrender as to this factor, noting that his Armed Career Criminal enhancement was had based upon three, and only the minimum of three, predicate offenses insofar that if any one of predicate offenses do not qualify, then the enhancement does not apply to create a mandatory 15-year minimum sentence. Mr. Dixon's instant appeal raises several issues related to Mr. Dixon's prior offenses, including: (1) the record not establishing that Mr. Dixon was convicted of the generically defined crime, and instead a crime that sweeps broader than the generic offense, (2) there is a lack of information and/or documentation as to what facts Mr. Dixon actually pled to in the prior offense(s), (3) that Mr. Dixon's prior offenses should not count for purposes of the Armed Career Criminal Act when the convictions were from decades earlier, (4) there was not an admission of intent as an element of the crime for one or more of his predicate offenses, and one of his predicate offenses involved an *Alford* plea without any admission as to the basis for the plea. *See* Opening Brief in Case No. 14-10318.

Additionally, several arguments were made during Ninth Circuit briefing as to the residual clause of the Armed Career Criminal Act, including:

a. Robbery Under California Penal Code § 211 is also A Violent Felony Under the Residual Clause of the Armed Career Criminal Act. *See* Answering Brief in Case No. 14-10318, *at* page 9 *et seq*.

b. Dixon's Nevada Conviction For Assault With a Deadly Weapon Is Also a Violent Felony Under the Residual Clause of the Armed Career Criminal Act. *See* Answering Brief in Case No. 14-10318, *at* page 14 *et seq*.

The residual clause is perhaps the most litigated portion of the Armed Career Criminal Act. To that point, there is pending United States Supreme Court case entitled *Johnson v. United States*, Case No. 13-7120 that may very soon again address the clause. The case was originally argued in November of 2014, with the question presented by the petitioner being: "[s]hould mere possession of a short-barreled shotgun be treated as a violent felony under the Armed Career Criminal Act?" *See* Case No. 13-7120, *specifically see* Petitioner's Brief. The Supreme Court then ordered supplemental briefing in January of 2015 to address the following: "[w]hether the residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague." Supplemental briefing took place from February to April of 2015, and the matter was reargued on April 20, 2015. *See* Case No. 13-7120. No decision has been rendered to date.

If the residual clause of the Armed Career Criminal Act is struck down as unconstitutionally vague, it changes the arguments of the parties in Mr. Dixon's appeal, and potentially then also changes the outcome of the appeal, or at least the findings thereto. The parties will have to address the matter one way or another, and at the very least it is another example of the continued litigation regarding the Armed Career Criminal Act.

### III.

### CONCLUSION

For the foregoing reasons, Mr. Dixon respectfully requests that he continue to be released pending the outcome of his appeal on the same or substantially similar conditions as his current release pending surrender, or in any event a self-surrender date no earlier than four months from the current self-surrender date of June 22, 2015.

Respectfully submitted,

/s/ Angela H. Dows

_____

ANGELA H. DOWS, ESQ.
**PREMIER LEGAL GROUP**
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Telephone: (702) 794-4411
Facsimile:  (702) 794-4421
Attorney for Defendant James Dixon

Dated:  May 25, 2014.

### ORDER

**IT IS SO ORDERED**, with written Order to follow.

_____
Gloria M. Navarro, Chief Judge
United States District Court

**DATED:**  06/17/2015.

# CERTIFICATE OF SERVICE

The undersigned hereby affirms that a copy of the foregoing:

**JAMES EDWARD DIXON'S RENEWED MOTION TO
CONTINUE SELF-SURRENDER DATE PENDING APPEAL**

has been served on all counsel of record as listed below, via electronic transmission, pursuant to local Order, as follows:

Assistant United States Attorney Amber M. Craig
Counsel for Plaintiff United States of America
amber.craig@usdoj.gov, Christie.M.Sequeira@usdoj.gov, Eileen.Alexander@usdoj.gov

DATED this 25th day of May, 2015.

\_\_\_/s/_____
ANGELA H. DOWS, ESQ.