UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> JAMES EDWARD DIXON, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:12-cr-222-GMN-VCF <br><br> **ORDER** |

Pending before the Court is Defendant James Edward Dixon's Second Motion to Continue Self-Surrender Date. (ECF No. 109). The Government filed a Response, (ECF No. 110), to which Defendant replied, (ECF No. 111). The Court entered an Order on June 17, 2015, granting Defendant's Motion and stating that a full written order would follow. The instant Order sets forth the basis for the Court's decision.

## I.  BACKGROUND

On March 4, 2013, Defendant pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (Minutes of Proceedings, ECF No. 32). On June 26, 2014, the Court held a sentencing hearing, wherein it was disputed whether Defendant's prior convictions for robbery and assault, the most recent of which occurred in 2001, warranted a minimum sentence of 180 months pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). (June 26, 2014 Hearing Transcript, ECF No. 102).

After hearing arguments from the Government and Defendant's Counsel, the Court found the provisions of § 924(e) were applicable to this case, and sentenced Defendant to a term of incarceration of 180 months, the minimum sentence permitted under the ACCA. (*Id.* 38:21-39:7). However, the Court subsequently found that Defendant did not pose a flight risk,

did not pose a danger to the safety of any other person or the community, and that a potential appeal would raise substantial questions of law likely to result in a reduced sentence. (*Id.* 43:2-21). Accordingly, the Court permitted Defendant to be released pending appeal and set his self-surrender date for December 23, 2014, with the suggestion that the date could be continued if Defendant's appeal was not resolved. (*Id.* 43:22-45:12).

On November 19, 2014, Defendant filed a motion to continue his self-surrender date. (ECF No. 103). The Court granted this Motion on November 21, 2014, and reset the self-surrender date to June 22, 2014. (ECF No. 104).

In the instant Motion, Defendant again requests that his self-surrender date be continued, as his appeal remains pending before the Ninth Circuit.

## II.   LEGAL STANDARD

The relevant standard regarding release pending appeal is codified in 18 U.S.C. § 3143(b). This section provides, in relevant part:

> Release or Detention Pending Appeal by the Defendant
>
> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>   (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142 (b) or (c) of this title; and
>   (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>     (i) reversal,
>     (ii) an order for a new trial,
>     (iii) a sentence that does not include a term of imprisonment, or
>     (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142 (b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

Additionally, the Court notes that Defendant bears the burden of demonstrating that release pending appeal is warranted. *See, e.g.*, *United States v. Wheeler*, 795 F.2d 839, 840 (9th Cir. 1986).

## III.     DISCUSSION

In its Response, the Government does not appear to dispute that Defendant has sufficiently shown that he is not likely to flee and that he presents no danger to the safety of others or the community; instead, the Government argues only that Defendant has failed to demonstrate that the appeal raises a substantial question of law. (Govt.'s Resp. 5:5-7:11).

However, after the instant Motion was filed, the Supreme Court issued a decision finding the ACCA's residual clause to be unconstitutional, as it violated the Due Process Clause of the Fifth Amendment. *Johnson v. United States*, 135 S. Ct. 2551 (2015). Because this now-invalidated portion of the ACCA served as part of the basis for the Court's decision to impose a 180-month term of incarceration, *see* (June 26, 2014 Hearing Transcript), there cannot be any doubt that Defendant's appeal raises substantial questions of law likely to result in a reduced sentence. Accordingly, the Court finds that Defendant has satisfied his burden pursuant to 18 U.S.C. § 3143(b), and that release pending appeal is warranted. Thus, Defendant's self-surrender date will be continued to December 29, 2015. Defendant will be given leave to request a further continuance if it appears that his appeal will not be resolved by that date.

///

///

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Continue Self-Surrender Date Pending Appeal, (ECF No. 109), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant shall self-surrender before 12:00 p.m. on Tuesday, December 29, 2015.

**IT IS FURTHER ORDERED** that the Government's Motion to reconsider the previous continuance, (ECF No. 105), is **DENIED AS MOOT.**

**DATED** this 28 day of September, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court