ANGELA H. DOWS, ESQ.
**PREMIER LEGAL GROUP**
Nevada State Bar No. 010339
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Telephone: (702) 794-4411
Facsimile:  (702) 794-4421
E-Mail:  adows@premierlegalgroup.com
Attorney for Defendant James Edward Dixon

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>JAMES EDWARD DIXON,<br><br>           Defendant. | 2:12-cr-00222-GMN-VCF<br><br>CA No. 14-10318<br><br>**JAMES EDWARD DIXON'S THIRD RENEWED MOTION TO CONTINUE SELF-SURRENDER PENDING APPEAL AND MODIFY CONDITIONS OF RELEASE** |

Comes now the defendant, James Edward Dixon, by and through his counsel of record, Angela H. Dows, Esq., and hereby moves this court for continued release pending the resolution of his appeal.  This third motion is brought pursuant to Federal Rule of Criminal Procedure 46(c) and 18 U.S.C. § 3143.  For the reasons outlined in the attached Memorandum of Points and Authorities, Mr. Dixon meets the requirements outlined in § 3143, and continued release with a request for a changed travel condition related to travel for work purposes.

Dated this 30th day of November, 2015.

    Respectfully submitted,
    /s/ Angela H. Dows
    ANGELA H. DOWS, ESQ.
    1333 North Buffalo Drive, Suite 210
    Las Vegas, Nevada 89128
    Attorney for Defendant JAMES EDWARD DIXON

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### PROCEDURAL SUMMARY

On June 19, 2012, the United States Attorney for the District of Nevada filed an indictment against Mr. Dixon for a single count of Felon in Possession of a Firearm pursuant to 18 U.S.C. Sections 922(g)(1) and 924(a)(2) (CR 1). On March 4, 2013, Mr. Dixon pleaded guilty. (CR 32, 33). On June 26, 2014, after briefing and hearings related to the Armed Career Criminal Act ("ACCA"), the Court sentenced Mr. Dixon to one hundred eighty (180) months of custody. (CR 88, 91).

On June 27, 2014, Mr. Dixon filed his Notice of Appeal. (CR 89). After briefing, the matter was heard through oral argument on September 18, 2015. On November 20, 2015, the Ninth Circuit Court of Appeals filed an Opinion in the matter that vacated Mr. Dixon's sentence, and remanded the case for a resentencing due to Mr. Dixon's prior convictions for robbery under California Penal Code § 211 not categorically matching the ACCA's definition of a "violent felony." *See* Dkt Entry No. 30-1 in Case No. 14-10318. Under this Opinion, Mr. Dixon is not subject to a mandatory minimum sentence under the ACCA. *Id.*

On November 23, 2015, following a Motion thereon, the Government was granted an extension of time to file a petition for rehearing. *See* Dkt Entry No. 32 in Case No. 14-10318. The new deadline for the Government's petition for rehearing is January 19, 2016. *Id.*

Mr. Dixon's current surrender date is set for December 29, 2015. (CR 113). The purpose of the instant Motion is to request, based upon the factors in 18 U.S.C. § 3143, an extension of the surrender date until no earlier than six months after the current self-surrender date of December 29, 2015, and (2) a modification of his release conditions to allow for travel subject to the approval of his pretrial services officer.

## II.

## ARGUMENT

### A.  Legal Standard

Release Pending Appeal is governed by 18 U.S.C. § 3143(b) which allows for the release of an individual pending appeal whenever certain conditions are met.  Section 3143 allows for release pending appeal if:

(1) The defendant "is not likely to flee,"

(2) The defendant "is not likely to…pose a danger to the safety of any person or community if released,"

(3) The appeal is not taken for purposes of delay, and

(4) The appeal "raises a substantial question of law or fact likely to result in reversal [or] an order for a new trial."

*See* 18 U.S.C. § 3143(b)(A), (B); *accord* Fed. R. Crim. P. 46(c); *see also* Fed. R. App. P. 9(c); *see also United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985).

### B.  It has been Established that Mr. Dixon is Not Likely to Flee, and is Not a Danger to the Safety of Any Person or Community; Mr. Dixon Requests a Change to his Travel Condition to Allow for Work-Related Travel, Subject to the Approval of his Pretrial Services Officer.

Under these factors, Mr. Dixon incorporates all of the arguments from his prior motions to self-surrender pending the outcome of his appeal.  Additionally, Mr. Dixon has complied with all conditions in the interim and following his June of 2014 sentencing; he has been continuing to work in his businesses, and update instant counsel on his progress.  No violations have been reported or filed with the Court.

Also, Mr. Dixon respectfully requests a modification of his release condition to allow for work-related travel.  Mr. Dixon requests that he be allowed to travel to: Texas, Utah, Colorado and Arizona related to his solar power and electrical sales business.  For example, Mr. Dixon

3

works with a business that sells solar power units in Texas, and he requests that he be allowed to travel to Texas to assist the sales team. Additionally, Mr. Dixon works with a business that does advertising for an insurance company, with travel anticipated to Colorado and California for NFL football games, including the Super Bowl in Santa Clara in February of 2016.

In relation to this request for travel, Mr. Dixon is willing to provide his travel details to his pretrial services officer no later than 48 hours prior to the date of travel, and advise his pretrial services officer within 24 hours of his return to Clark County, Nevada.

> C.  **The Instant Appeal Raised a Substantial Question of Law that Resulted in a Vacated Sentence, and a Remand for Resentencing.**

The current outcome of Mr. Dixon's appeal has changed the landscape of his case. In a published opinion, the Ninth Circuit Court of Appeals created new law which found Mr. Dixon's prior convictions for robbery under California Penal Code § 211 to not qualify as a violent felony under the ACCA. *See* Dkt Entry No. 30-1 in Case No. 14-10318. The court ordered the matter for a resentencing based upon a mandatory minimum not applying in Mr. Dixon's case, substantially changing not only the underlying analysis of the case under the plea agreement, but also the guideline range Mr. Dixon is subject to during resentencing.

Further, the appeal is not complete, as the Government has requested for additional time to potentially file a motion for rehearing. An estimate of time to complete the process with the Ninth Circuit Court of Appeals is 12 months from the current date. It is yet undetermined what if any further steps will be taken by either party after the matter is complete in the Ninth Circuit Court of Appeals; a petition for certiorari and United States Supreme Court process is anticipated to add an additional 18 months onto the current timeline. Thus, instant counsel's current request for a continuance of the self-surrender date is brief compared to the estimated timeline for the appeal process.


## III.

## CONCLUSION

For the foregoing reasons, Mr. Dixon respectfully requests that he continue to be released pending the outcome of his appeal with a changed travel condition for work purposes as described herein, and a self-surrender date no earlier than six months from the current self-surrender date of December 29, 2015.

Respectfully submitted,
/s/ Angela H. Dows
ANGELA H. DOWS, ESQ.
**PREMIER LEGAL GROUP**
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Telephone: (702) 794-4411
Facsimile:  (702) 794-4421
Attorney for Defendant James Dixon

Dated:  November 30, 2015.

Defendant shall self-surrender by Friday, May 27, 2016.
**IT IS SO ORDERED.**
**DATED** this 23rd day of December, 2015.

_____
**Gloria M. Navarro, Chief Judge**
**United States District Court**

# CERTIFICATE OF SERVICE

The undersigned hereby affirms that a copy of the foregoing:

**JAMES EDWARD DIXON'S THIRD RENEWED MOTION TO CONTINUE SELF-SURRENDER PENDING APPEAL AND MODIFY CONDITIONS OF RELEASE**

has been served on all counsel of record as listed below, via electronic transmission, pursuant to local Order, as follows:

Assistant United States Attorney Amber M. Craig
Counsel for Plaintiff United States of America
amber.craig@usdoj.gov, Christie.M.Sequeira@usdoj.gov, Eileen.Alexander@usdoj.gov

DATED this 30th day of November, 2015.

_____/s/_____
ANGELA H. DOWS, ESQ.